**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TAUNYA V. JOHNSON | ) | |
| 6201 Twelfth Street, N.W. | ) | |
| Washington, DC 20011 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| (A Municipal Corporation) | ) | JURY DEMANDED |
| 441 Fourth Street, N.W. | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| <u>Serve</u>: Honorable Vincent C. Gray, | ) | |
| Mayor of the District of Columbia | ) | |
| c/o Tabitha Braxton, Staff Assistant; | ) | |
| Gladys Herring, Executive Assistant; | ) | |
| or Designated Representative | ) | |
| Executive Office of the Mayor | ) | |
| 1350 Pennsylvania Avenue, N.W., Suite 316 | ) | |
| Washington, DC 20004 | ) | |
| | ) | |
| <u>Serve</u>: Irvan Nathan, Attorney General for D.C. | ) | |
| Office of the Attorney General for D.C. | ) | |
| c/o Darlene Fields, Secretary; | ) | |
| Tonia Robinson, Legal Assistant; | ) | |
| Gale Rivers, Secretary; | ) | |
| or Designated Representative | ) | |
| 441 Fourth Street, N.W. | ) | |
| Washington, DC 20001 | ) | |

**<u>COMPLAINT</u>**

**COMES NOW** the Plaintiff Taunya V. Johnson, by and through her undersigned

counsel, and sues Defendant District of Columbia for the cause of action stated as follows:

1

**PARTIES**

1.      Plaintiff Taunya V. Johnson ("Plaintiff" or "Ms. Johnson") was an employee of the District of Columbia Metropolitan Police Department.  She resides at 6201 Twelfth Street, N.W., Washington, DC 20011.  Ms. Johnson is a United States citizen.

2.      Defendant District of Columbia ("Defendant") is a governmental organization and municipal corporation.  The District of Columbia Metropolitan Police Department ("DCMPD") is a subordinate agency of the District of Columbia government.  Defendant is headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

**JURISDICTION**

3.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981a, and 42 U.S.C. § 1983.  It further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.*

4.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

**VENUE**

5.      Venue is proper in the District of Columbia under 28 U.S.C. § 1331 because a substantial part of the acts and omissions that give rise to this Complaint occurred in the within the District of Columbia.

6.      Venue is further proper because Defendant has its principal office in the District of Columbia.

## EXHAUSTION OF REMEDIES

7.      Plaintiff has exhausted all of her administrative remedies.

8.      Plaintiff timely files this action in accordance with the United States Equal Employment Opportunity ("EEOC") Dismissal and Notice of Rights, dated June 24, 2013, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice. Plaintiff brings this action for discrimination on the basis of race (African American) and hostile work environment.

## FACTS

9.      Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

10.     Plaintiff is an African American female.

11.     Plaintiff was hired by the Department on or around June 3, 2002.

12.     Plaintiff was ordered to face an administrative proceeding before a MPD panel (Trial Board/Adverse Action Panel) for allegedly making false statements.

13.     The Trial Board found Plaintiff guilty of making false statements and recommended her for termination.

14.     The Chief of Police accepted the Trial Board's determination and terminated Plaintiff's employment on or around March 25, 2011.

15.     Similarly situated DCMPD employees (White) were known by the Department to have made false statements, yet they were not ordered before a Trial Board and/or terminated for their actions.

16.     Further, similarly situated DCMPD employees have committed similar or more egregious misconduct and were not ordered before a Trial Board and/or terminated.

## CAUSES OF ACTION

### Count I
### (Employment Discrimination on the Basis of Race)

17.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

18.     As an African American, Plaintiff is a member of a protected class.

19.     Plaintiff was subjected to adverse employment actions by Defendant when it terminated her employment.

20.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

21.     Defendant knew that Plaintiff is African American prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her race.

22.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her race (African American).

23.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her race (African American).

24.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

25.     Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

26.     Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

27.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

28.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her race (African American).

29.     Defendant discriminated against Plaintiff because of her race by engaging in, tolerating or failing to prevent racial discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

30.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

31.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

32.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

33.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto..

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.     Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b.     Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.     Award reasonable attorney fees, costs and expenses incurred for this action;

d.     Declaratory and injunctive relief;

e.     Order the Defendant to institute a policy and procedure to be implemented against discrimination;

f.     Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.     Supervisory training for the supervisors at issue herein; and

h.     Such other and further relief as this Court deems just and proper.

## Count II
### (Hostile Work Environment)

34.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

35.     As a result of Plaintiff's protected status (African American), Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and

6

pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

36.     Plaintiff was regularly and continually subjected to harassing conduct that included disrespected by her supervisors, subjected to false accusations, stigmatized, ordered her to face a Trial Board, which created a hostile and abusive work environment.

37.     Plaintiff believes that she was subjected to a hostile work environment based on her race (African American).

38.     Defendant's unlawful conduct was unwelcome.

39.     Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

40.     Plaintiff was subjected to harassment because her race (African American), and the harassment unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

41.     Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

42.     By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

43.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

44.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

45.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

46.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a.  Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

    b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

    c.  Award reasonable attorney fees, costs and expenses incurred for this action;

    d.  Declaratory and injunctive relief;

    e.  Order the Defendant to institute a policy and procedure to be implemented against discrimination;

8

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein; and

h.  Such other and further relief as this Court deems just and proper.

**Count III**
**42 U.S.C. § 1983**
**(Employment Discrimination Based on Race)**

47.  Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

48.  Defendant intentionally discriminated against Plaintiff because of her race.

49.  Defendant and its agents, servants and employees are state officials.

50.  DCMPD officers of all ranks are vested with the authority to uphold the rules, regulations and laws governing the District of Columbia.

51.  When Plaintiff's superior officers unlawfully and unjustly disciplined Plaintiff more harshly than White officers, treated her differently than her White coworkers, and unjustly terminated her, they were carrying the duties as DCMPD employees and DCMPD officers.

52.  Plaintiff's superior officers violated the rules, regulations and laws governing the District of Columbia, including but not limited to common laws of the District of Columbia and the District of Columbia Human Rights Act, when they unlawfully and unjustly discipline Plaintiff more harshly than White officers, treated her differently than her White coworkers, and unjustly terminated her employment.

53.  By Defendant's imposition of harsher punishments for disciplinary offenses on Plaintiff, an African American, than White police officers, Defendant has denied Plaintiff the rights of White police officers in the modification and termination of contracts in violation of the

rights, privileges and immunities secured by the Constitution and the laws in violation of 42 U.S.C. § 1983.

54.    By Defendant's imposition of harsher punishments for disciplinary offenses on Plaintiff, an African American, than White police officers, Defendant has denied Plaintiff equal protection of the laws under the Fifth Amendment in violation of other rights, privileges and immunities secured by the Constitution and the laws in violation of 42 U.S.C. § 1983.

55.    Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

56.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering and the treatment was ongoing based upon Defendant's actions.

57.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, all without any negligence being attributed to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.    Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b.    Award of punitive damages in light of the extraordinary circumstances of this case, which includes Defendant's wanton, willful and deliberate discrimination in knowing violation of the federal statutes prohibiting their conduct;

c.    Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential,

> reputation, lost of wages, lost job benefits she would have received but for
> Defendant's unlawful conduct;

    d.    Award reasonable attorney fees, costs and expenses incurred for this action;

    e.    Declaratory and injunctive relief;

    f.    Order the Defendant to institute a policy and procedure to be implemented against discrimination;

    g.    Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    h.    Supervisory training for the supervisors at issue herein; and

    i.    Such other and further relief as this Court deems just and proper.

**Count IV**
**Equitable Relief**

58.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

59.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a.    Order the Defendant to institute a policy and procedure to be implemented against discrimination;

    b.    Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

11

c.     Supervisory training for the supervisors at issue herein; and

d.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

60. Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:     _donna williams rucker/hr_____

DONNA WILLIAMS RUCKER
   (D.C. Bar No. 446713)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com

September 20, 2013                Counsel for Plaintiff