UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAUNYA JOHNSON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 13-1445 (JDB)

**MEMORANDUM OPINION**

Plaintiff Taunya Johnson brings this action against the District of Columbia ("the District") following the termination of her employment, which she claims was motivated by racial discrimination. Specifically, Johnson alleges employment discrimination under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the District of Columbia Human Rights Act ("DCHRA"). She also brings a hostile work environment claim under Title VII and the DCHRA. The District moves to dismiss all of Johnson's claims except her employment discrimination claim under Title VII. See Def.'s Partial Mot. to Dismiss Pl.'s Compl. [ECF No. 6] at 2. Additionally, in her opposition to the District's motion, Johnson seeks leave to amend her complaint. Pl.'s Opp'n to Def.'s Mot. to Dismiss [ECF No. 8] ("Pl.'s Opp'n") at 12. For the reasons that follow, the District's motion will be granted, and Johnson's request for leave to amend her complaint will be denied without prejudice.

**BACKGROUND**

Taunya Johnson, an African-American woman, was employed by the District of Columbia Metropolitan Police Department ("MPD") until March 25, 2011. Compl. ¶¶ 10-14.

Sometime before that, Johnson was called before an MPD "Trial Board/Adverse Action Panel" for "allegedly [making] false statements." Id. ¶ 12. The Trial Board found that she had, in fact, made false statements, and it recommended her for termination. Id. ¶ 13. Following the Trial Board's recommendation, the Chief of Police terminated Johnson's employment on March 25, 2011. Id. ¶ 14. In response, Johnson sought administrative relief from the U.S. Equal Employment Opportunity Commission ("EEOC"), but the EEOC dismissed her claim on June 24, 2013. Id. ¶ 8.

Johnson does not explicitly deny having made false statements. See id. ¶¶ 9-16. She alleges, however, that the MPD did not take similar disciplinary actions against white employees who "were known by the Department to have [also] made false statements." Id. ¶ 15. These employees—who Johnson claims "committed similar or more egregious misconduct"—were allegedly neither terminated nor ordered before a Trial Board. Id. ¶ 16. Johnson therefore brought suit against the District, alleging employment discrimination under section 1983, Title VII, and the DCHRA, and a hostile work environment under Title VII and the DCHRA. She also seeks injunctive relief, asking the Court to order the District to institute proper antidiscrimination policies and training for MPD supervisors. Id. ¶ 59. Johnson brings suit against the District, but has named neither the MPD nor her individual supervisors as defendants. Although she initially sought both compensatory and punitive damages, she has since voluntarily abandoned any claim for punitive damages. See Pl.'s Opp'n at 12.

On January 13, 2014, the District filed a timely motion to dismiss under Rule 12(b)(6), seeking dismissal of all of Johnson's claims except her Title VII employment discrimination claim.[1] Two days later, the District filed an "amended" motion to dismiss, adding a new

---

[1] The District also did not move to dismiss Johnson's standalone claim for "injunctive relief," see Compl. ¶¶ 58-59, perhaps realizing that injunctive relief is a type of remedy, rather than a freestanding cause of action. See,

2

argument about the DCHRA statute of limitations that did not appear in its original motion. The District filed this "amended" motion after the deadline for the District's response to Johnson's complaint had passed, without seeking (or obtaining) leave from the Court. Then, Johnson filed an opposition to the District's motion, in which she responded to some (but not all) of the District's arguments, and also "[sought] leave to amend her complaint" in order to "address any deficiencies." Pl.'s Opp'n at 12-13. The District's motion to dismiss is now fully briefed and ripe for resolution.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief," plaintiffs must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). Determining the plausibility of a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

---

e.g., Guttenberg v. Emery, 2014 WL 1989564, at *6 (D.D.C. May 16, 2014). But because the District did not move to dismiss this "claim," the Court need not discuss it further.

**DISCUSSION**

The District moves under Rule 12(b)(6) to dismiss all of Johnson's claims, with the exception of her employment discrimination claim under Title VII. Because Johnson fails to allege that a municipal "custom or policy" caused the MPD to terminate her employment, her section 1983 claim against the District will be dismissed for failure to state a claim. Furthermore, because she fails to allege facts suggesting that her work environment was "permeated" with racial discrimination, Johnson's hostile work environment claims will also be dismissed. Finally, because the statute of limitations has run on Johnson's DCHRA claims, they too will be dismissed. Hence, the District's partial motion to dismiss will be granted in its entirety.

**I. Section 1983: Employment Discrimination**

Johnson brings an employment discrimination claim under 42 U.S.C. § 1983. Section 1983 creates civil liability for any "person who under color of any [law] of any State . . . or the District of Columbia, subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution [of the United States]." A municipality qualifies as a "person" under section 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). But, like any section 1983 defendant, a municipality is only liable if it "cause[s] [a plaintiff] to be subjected" to a deprivation of constitutional rights. Monell, 436 U.S. at 692 ("The [quoted] language plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."). In a case against a municipality in which a plaintiff alleges a constitutional violation by municipal employees, the statute's causation requirement is satisfied if (and only if) a municipal "policy or custom" is the "moving force" behind the alleged constitutional violation. Id. at 694.

Thus, "[i]n determining whether a plaintiff has stated a claim for municipal liability . . . the court must [first] determine whether the complaint states a claim for a predicate constitutional violation[, and] [s]econd . . . whether the complaint states a claim that a custom or policy of the municipality caused the violation." Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003). "Each inquiry is separate and serves different purposes." Id. Here, because the Court concludes that Johnson has failed to allege that a municipal "custom or policy" caused any constitutional violation, the Court will not decide whether Johnson had adequately alleged a predicate constitutional violation. Id.

At times, Johnson appears to simply assume that the District is liable for the MPD's allegedly unconstitutional actions. See, e.g., Compl. ¶ 2 (identifying the District as a defendant and noting only that the MPD "is a subordinate agency of the District of Columbia government"); id. ¶ 31 ("As a direct and proximate cause of [the District's] conduct . . . Plaintiff suffered and continues to suffer from harm."). Johnson does clarify that she "is not relying on the doctrine of respondeat superior," Pl.'s Opp'n at 6, a doctrine that she ultimately concedes is inapplicable here. See Monell, 436 U.S. at 691. But she offers no alternative theory of the District's liability for any of the MPD's alleged misconduct. Because Johnson makes no allegation—factual or conclusory—that a District of Columbia "custom or policy" led the MPD to terminate her employment for racially discriminatory reasons, she fails to state a claim under section 1983. See id. at 694.

In an attempt to save her section 1983 claim, Johnson asserts that she "is not required to allege a municipal policy or practice." Pl.'s Opp'n at 7. But she is incorrect. See, e.g., Monell, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). Johnson also points out that

"courts . . . have often applied Title VII case law to Section 1983 claims to determine whether a plaintiff has established a constitutional violation." Id. True enough. But the question whether a constitutional violation has occurred is only one part of the analysis when the defendant is a municipality. See, e.g., Baker, 326 F.3d at 1306. And, as already discussed, the Court need not consider the issue of the alleged constitutional violation, because Johnson has failed to plead the existence of a "custom or policy" connecting the District—the only defendant in this action—to the MPD's allegedly unconstitutional acts. Thus, Johnson has failed to state a claim for relief under section 1983, and the District's motion to dismiss her section 1983 claims will be granted.[2]

**II. Title VII: Hostile Work Environment**

Johnson brings a hostile work environment claim pursuant to Title VII, under which an employer may not "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] . . . race [or] sex." 42 U.S.C. § 2000e–2(a). Because an employee's work environment is one of the "terms, conditions, and privileges" protected by Title VII, see Harris v. Forklift Sys., 510 U.S. 17, 21 (1993), an employee can recover damages where an employer's discriminatory conduct is so "severe or pervasive [as] to . . . create an abusive working environment." Id. This "hostile work environment" theory carves out a "middle path" between creating liability for the "mere utterance of . . . an epithet" and "requiring conduct to cause a tangible psychological injury." Id.

---

[2] Johnson also makes a fleeting reference in her opposition brief to "the deliberate indifference requirement for Section 1983 claims." Pl.'s Opp'n at 8. It is true that a municipality's failure to act with due care satisfies Monell's "custom or policy" requirement where the failure is "'so obvious [and] so likely to result in the violation of constitutional rights' that it constitute[s] a deliberately indifferent city policy or custom." Smith v. District of Columbia, 413 F.3d 86, 98 (D.C. Cir. 2005) (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)). But all of Johnson's allegations that the District "tolerat[ed] or fail[ed] to prevent racial discrimination" and "fail[ed] to . . . correct and redress the [MPD's] unlawful employment practices" are conclusory. See Compl. ¶ 29. And because courts disregard conclusory allegations at the motion-to-dismiss stage, see Iqbal, 556 U.S. at 680, Johnson has not alleged sufficient facts to plausibly state a section 1983 claim under a "deliberate indifference" theory.

A work environment is hostile if it is "permeated with discriminatory intimidation, ridicule, and insult." Id. (internal quotation marks omitted). This high standard is difficult to satisfy. See, e.g., Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81 (1998) ("[Title VII] forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment."). In applying it, courts consider "all the circumstances": "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating . . . ; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23. "[I]solated incidents (unless extremely serious)" are usually insufficient. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); see also, e.g., Harris, 510 U.S. at 19-21 (finding a hostile work environment where an employer continuously made derogatory comments to a female employee over a two-year period); Whorton v. WMATA, 924 F. Supp. 2d 334, 354 (D.D.C. 2013) (holding that a female employee stated a claim for sex discrimination by alleging "that sexually offensive material was left under [her] toolbox and that coworkers regularly displayed sexually explicit materials on their workbenches in her line of sight").

Here, Johnson claims that her disciplinary hearing and subsequent termination created a racially hostile work environment. But Johnson's only relevant factual allegations are that she, unlike her white co-workers, was compelled to come before a Trial Board for making false statements, and that she was later fired on the Trial Board's recommendation. See Compl. ¶¶ 9-16. Because these allegedly discriminatory acts were all part of an isolated disciplinary incident, standing alone they are insufficient to allege that Johnson's work environment was "permeated" with racial discrimination. See, e.g., Harris, 510 U.S. at 21; Faragher, 524 U.S. at 788. Hence, Johnson fails to allege facts plausibly suggesting discrimination "severe or pervasive" enough to give rise to a hostile work environment.

7

To be sure, Johnson alleges elsewhere in her complaint that the MPD engaged in a "pattern" of discriminatory conduct—but these allegations are wholly conclusory. See Compl. ¶ 35 ("Plaintiff's supervisors routinely . . . engaged in [a] persistent pattern of severe and pervasive harassment . . . ."); id. ¶ 36 ("Plaintiff was regularly and continually . . . disrespected by her supervisors, subjected to false accusations, [and] stigmatized . . . ."). Even at the motion-to-dismiss stage, conclusory allegations like these "are not entitled to the presumption of truth." Iqbal, 556 U.S. at 679. Thus, stripping away Johnson's conclusory allegations, and presuming her (limited) factual allegations to be true, Johnson has failed to state a hostile work environment claim under Title VII. Hence, the District's motion to dismiss Johnson's Title VII hostile work environment claim will be granted.

**III. DCHRA: Employment Discrimination & Hostile Work Environment**

Johnson brings two claims under the D.C. Human Rights Act: (1) an employment discrimination claim, and (2) a hostile work environment claim.[3] The DCHRA makes it unlawful for an employer to "discharge" an employee "for a discriminatory reason based upon the [employee's] race." D.C. Code § 2-1402.11. It also allows an employee to recover damages for a hostile work environment. See, e.g., Regan v. Grill Concepts-D.C., Inc., 338 F. Supp. 2d 131, 136 (D.D.C. 2004). In order to recover under the DCHRA, however, an employee must file a claim against her employer "within one year of the unlawful discriminatory act." Id. § 2-1403.16. Here, Johnson alleges that she was fired on March 25, 2011. Compl. ¶ 14. Her complaint includes no relevant facts occurring after that date. Johnson filed her complaint on

---

[3] For the reasons discussed above, Johnson fails to allege facts plausibly stating a claim for a racially hostile work environment. See supra, Section II. This is an independent ground for dismissal of Johnson's DCHRA hostile work environment claim. See Daka, Inc. v. Breiner, 711 A.2d 86, 94 (D.C. 1998) (noting that the D.C. Court of Appeals "consistently relies upon decisions of the federal courts in Title VII cases" in construing the DCHRA); see also Regan v. Grill Concepts-D.C., Inc., 338 F. Supp. 2d 131, 136 (D.D.C. 2004) (describing the legal standards for alleging a hostile work environment under the DCHRA and Title VII as "essentially the same").

8

September 20, 2013—nearly two and one-half years after she was fired. Hence, her claims under the DCHRA are time-barred.

Were there any doubt on the matter, Johnson has conceded the point because, in her opposition to the District's motion to dismiss, she did not address the District's statute-of-limitations argument.[4] See generally Pl.'s Opp'n. Perhaps this was because she knew she could not contest the argument in good faith. Whatever the reason, "[i]t is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Thus, because Johnson did not respond to the District's statute-of-limitations defense in her opposition brief, any such arguments have now been forfeited. Johnson's DCHRA claims will be dismissed as time-barred.[5]

### IV. Leave to Amend the Complaint

In Johnson's brief in opposition to the District's motion to dismiss, she "seeks leave to amend her complaint." Pl.'s Opp'n at 12. Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend her complaint "once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). After this window has closed, a plaintiff can amend

---

[4] The District first raised this statute-of-limitations defense in its "amended" motion to dismiss. See Def.'s Am. Mot. to Partially Dismiss Pl.'s Compl. [ECF No. 7] at 1 n.1. Neither the Federal Rules of Civil Procedure nor the Local Rules of this district court explicitly allow for such an amendment—at least, not without leave of the Court. But Johnson did not object to this "amended" filing in her opposition brief, so the Court will excuse this procedural misstep.

[5] As a general matter, filing a complaint with the EEOC tolls the statute of limitations on a DCHRA claim. See Ellis v. Georgetown Univ. Hosp., 631 F. Supp. 2d 71, 78 (D.D.C. 2009) ("[T]he timely filing of a charge with the EEOC, and the automatic cross-filing of a claim with the [D.C. Office of Human Rights] that follows, is sufficient to toll the one-year statute of limitations for filing a claim under the DCHRA."); see also D.C. Code § 2-1403.16. Johnson did file a complaint with the EEOC before she sued in this Court, but her complaint does not provide the date on which she made that filing. As a result, it is difficult to know whether her EEOC complaint tolled the statute of limitations on her DCHRA claim such that her claim should survive. In any event, even if Johnson had a viable argument for tolling of the DCHRA statute of limitations, any such argument is now forfeited, because Johnson failed to raise it in her opposition to the District's motion to dismiss. See Hopkins, 284 F. Supp. 2d at 25.

9

her complaint "only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in this district also require that "a motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." L. Civ. R. 15.1; see also Rollins v. Wackenhut Servs., 703 F.3d 122, 130-31 (D.C. Cir. 2012) (affirming district court's denial of a plaintiff's request for leave to amend her complaint because she failed to comply with Local Rule 15.1).

Because twenty-one days had not yet passed since the District filed its 12(b)(6) motion, Johnson could have, instead of filing an opposition brief, simply filed an amended complaint—even without the Court's leave or the District's consent. See Fed. R. Civ. P. 15(a)(1). For reasons unknown, she did not avail herself of this option. And because twenty-one days have now passed since the District filed its motion to dismiss, she is no longer entitled to an amendment as of right.

Nevertheless, Johnson may still amend her complaint with leave of the Court.[6] But, under these circumstances, the Court will deny Johnson's request for leave to amend, without prejudice, because Johnson did not attach an original of her proposed amended complaint—as is required by Local Rule 15.1—making it impossible for the Court (or the District) to evaluate the merits of her request for leave to amend.[7] Of course, Federal Rule 15(a)(2) allows for amended complaints any time that "justice so requires." See Fed. R. Civ. P. 15(a)(2). Were Johnson to

---

[6] A plaintiff may also amend her complaint with the agreement of the defendant, but the District objects to Johnson's request, so this option is unavailable here.

[7] Unlike the procedural irregularity surrounding the District's statute-of-limitations defense, which Johnson did not challenge in her opposition to the District's motion to dismiss, the District did object to Johnson's failure to comply with Local Rule 15.1 in opposing her request for leave to amend. See Def.'s Reply in Supp. of Mot. to Dismiss [ECF No. 9] at 5-6.

make a second request for leave to amend—in compliance with Local Rule 15.1—the Court would consider the request anew. Id.[8]

## **CONCLUSION**

For the foregoing reasons, the Court will grant the District's partial motion to dismiss and deny without prejudice Johnson's request for leave to amend her complaint. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: July 8, 2014

---

[8] Johnson also makes a vague reference to "supplemental pleadings" in her opposition brief. Pl.'s Opp'n at 12 (arguing that a "supplemental pleading[] may introduce new causes of action not alleged in the original complaint" where its "supplemental facts connect it to the original pleading"). Under Federal Rule 15(d), a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). It is unclear, however, whether Johnson actually intends to introduce new facts about events that occurred after she filed her complaint. If such facts were to be offered in a supplemental pleading, this Court would consider permitting that pleading pursuant to Rule 15(d).